**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 2 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARNIN ANTONIO VALDEZ-BONILLA, | No.  08-73560 |
| Petitioner, | Agency No. A094-325-689 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 25, 2016[**]

Before:     LEAVY, GRABER and CHRISTEN, Circuit Judges.

Arnin Antonio Valdez-Bonilla, a native and citizen of Honduras, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for asylum, withholding

of removal, and protection under the Convention Against Torture ("CAT"). We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

Valdez-Bonilla does not challenge the agency's determination that he did not establish past persecution. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Substantial evidence supports the agency's conclusion that, even if Valdez-Bonilla had timely filed his asylum application, he failed to establish a well-founded fear of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003); *see also INS. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) ("To reverse the BIA finding we must find that the evidence not only supports that conclusion, but *compels* it[.]"). Thus, we deny the petition for review as to Valdez-Bonilla's asylum claim.

Because Valdez-Bonilla failed to establish eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence also supports the agency's determination that

Valdez-Bonilla failed to establish it is more likely than not that he would be tortured by or with the consent or acquiescence of the government of Honduras. *See Blandino-Medina v. Holder*, 712 F.3d 1338, 1348 (9th Cir. 2013) (petitioner did not establish CAT eligibility where he presented a "series of worst-case scenarios" rather than "hard evidence of a probability" of torture).

**PETITION FOR REVIEW DENIED.**